UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARCIO RAFAEL ORTEZ,

    Petitioner,

v.

ORLANDO RODRIGUEZ,

    Respondent.

Civ. No. 16-9359 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Marcio Rafael Ortez, is an immigration detainee currently lodged at the Elizabeth Detention Center in Elizabeth, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

Mr. Ortez is a native and citizen of Honduras. He entered the United States in 1986. In 2007, Mr. Ortez was convicted in New Jersey of marijuana distribution. On February 16, 2016, he was placed into immigration detention.

On October 14, 2016, Mr. Ortez was ordered removed to Honduras by an Immigration Judge ("IJ"). Mr. Ortez then filed an appeal of that removal order to the Board of Immigration Appeals ("BIA"). On February 15, 2017, the BIA dismissed Mr. Ortez's appeal of the IJ's removal order.

While the BIA appeal was pending, in December 2016, Mr. Ortez filed this federal habeas petition. The petition requests his immediate release from immigration detention or, alternatively, that this Court order a hearing in which respondent would be required to

demonstrate that his continued detention is justified. The respondent filed his opposition to the habeas petition on January 27, 2017. Mr. Ortez did not file a reply within the time allotted.

It was only thereafter, on February 27, 2017, that this Court received a letter from respondent disclosing that the BIA had dismissed Mr. Ortez's appeal from the IJ's removal order on February 15, 2017. Because the appeal is now final, Mr. Ortez is no longer in pre-removal immigration detention, but I nevertheless consider the petition under the standards governing post-removal detention.

## II. DISCUSSION

### A. Pre-removal Immigration Detention

Mr. Ortez seeks his release from immigration detention or that this Court order a bond hearing because of the length of time he has been in immigration detention. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal" period. Detention of an alien in the pre-removal period is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

2

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

Cases setting forth the framework for analysis of pre-removal detention include *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015). The Court need not engage in a *Diop/Chavez–Alvarez* analysis at this time, however. Because the BIA has now dismissed Mr. Ortez's appeal from the IJ's removal order, Mr. Ortez is no longer in pre-order removal immigration detention. *See* 8 C.F.R. § 1241.1(a) (order of removal by IJ becomes final upon dismissal of appeal by the BIA).[1]

B. <u>Post-removal Immigration Detention</u>

Post-removal immigration detention, like pre-removal immigration detention, can become excessive at some point. Title 8 of the United States Code Section 1231(a)(1)(A) states

---

[1] While not necessarily applicable anymore as Mr. Ortez is no longer in immigration detention pursuant to 8 U.S.C. § 1226(c), Mr. Ortez also argues that his detention is improper because he was not immediately taken into immigration detention upon his release from custody on his criminal conviction. Even if Mr. Ortez were still in pre-removal detention, his argument would be foreclosed by binding Court of Appeals authority. In *Sylvain v. Attorney General*, 714 F.3d 150, 156-57 (3d Cir. 2013), the Third Circuit held that the government retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from criminal custody. "[M]andatory detention does not require immediate detention." *Id.* at 156. "Even if the statute calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay." *Id.* at 157.

3

that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of

4

> removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Ortez's post-removal immigration detention began on February 15, 2017. Thus, the ninety-day mandatory detention period set forth in Section 1231(a)(1)(A) has not yet expired. Furthermore, Mr. Ortez is still clearly within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. Mr. Ortez's challenge to his post-removal-order immigration detention is therefore premature, and will be denied without prejudice. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec.13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12–7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same). Should the United States fail to execute the order of removal

5

within a reasonable time, a claim by Mr. Ortez challenging his post-removal immigration detention may be reasserted.

### III. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice. An appropriate order will be entered.

DATED: March 3, 2017

KEVIN MCNULTY
United States District Judge